BECKER BROTHERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16954.   Promulgated January 14, 1928.

*John McCormick, Esq.*, for the petitioner.
*Donald D. Shepard, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The only questions presented for decision are (1) whether the sum of $79,751.19 credited on petitioner's books to its general manager as salary for the year 1920, is a proper deduction as a reasonable allowance for his services, and if not, what is a proper allowance; and (2) whether certain unpaid additional taxes for prior years were property deductible from surplus in computing invested capital.

On the first question the parties, by stipulation, introduced in evidence the report of the case of *Becker Brothers* v. *United States*, 7

Fed. (2d) 3. In that case the United States sued petitioner for certain excise taxes alleged to have been due under the Corporation Excise Tax Law of August 5, 1909. One of the questions involved was whether petitioner was entitled to deduct in each of the years from 1909 to 1914, inclusive, 85 per cent of its net income as salaries due its general manager under the resolution of its board of directors set forth in the findings of fact. The opinion contains the following, with reference to the proceedings in the District Court:

At the conclusion of the evidence, and upon consent of both sides, two questions were submitted to the jury, who rendered special verdicts with respect thereto. The questions submitted by the court were:

(1) " Q. Whether the resolution and subsequent conduct of the corporation were the means of distributing both salaries and profits?"

(2) " Q. What was the reasonable value of such service as Becker rendered to the company from 1909 to 1914, inclusive, and by that I mean, what would the company have to pay for a man of his (Becker's) general capacity to do what he did in the running of the business?"

The jury answered the first question in the affirmative, holding that the resolution relied upon by defendant was a means of distributing both salary and profits. In answer to the second question the jury found the reasonable value of the services of Becker to the corporation to be as follows: for 1909, $12,000; for 1910, $13,000; for 1911, $14,000; and for 1912, 1913, and 1914, $15,000 for each of said years.

A general verdict was thereupon directed by the court and judgment entered upon such general verdict. This judgment, except as to matters not material in this proceeding, was affirmed by the Circuit Court of Appeals of the Second Circuit. · That decision construed and applied the resolution of petitioner's board of directors taken in connection with its subsequent course of conduct, and held that the amounts set apart to petitioner's general manager were distributions of both profits and income. We are of the same opinion.

From the very beginning Jacob H. Becker owned from 94 to 96 per cent of petitioner's capital stock and he and his wife and children at all times owned outright 245 shares, or 98 per cent thereof. The owner of the other 5 shares testified that he was " a nominal stockholder." The real stockholders were, therefore, Jacob Becker, his wife and children. In the 24 years elapsing between the organization of the corporation and the date of the hearing of this proceeding, the stockholders received only the amounts called salaries paid or credited under the resolution of the board of directors adopted in 1902. The corporation never declared or paid a dividend. These facts, with the further fact that 90 per cent of the net earnings were distributed to the stockholders in the guise of salaries, clearly indicate, and we so hold, that the distributions made under the resolution were both distributions of profits and salaries. We have before us no

corporate action indicating what the board of directors deemed to be an adequate compensation for the services of the general manager. We must determine from the evidence what is reasonable compensation.

That the amounts set apart under the resolution were not reasonable allowances for the compensation of petitioner's officers is made evident from the following testimony of its bookkeeper and office manager:

Q. Do you know whether this fund was used as a fund for carrying on the business, do you know?
A. I know we needed that money in the business. We could not have run the business without it.

Although petitioner had before it for its guidance the opinion of the Circuit Court of Appeals, it introduced no evidence indicating " what the company would have to pay for a man of his (Becker's) general capacity, to do what he did in the running of the business." However, it appears from the report of the decision in *Becker Brothers* v. *United States*, that the jury found that a reasonable compensation for Becker's services as general manager was from $12,000 to $15,000 a year during the period from 1902 to 1914. We are of the opinion that the reasonable value of the services of Becker as general manager during the year 1920 was $25,000. This amount should be deducted in the determination of net income. The evidence is not sufficient to support any determination as to reasonable salary for 1921.

With respect to the petitioner's contention that its surplus should not be reduced by the amount of unpaid taxes for preceding years, respondent's action is sustained. Section 1207, Revenue Act of 1926. *Russel Wheel & Foundry Co.*, 3 B. T. A. 1168; *Rosenfield Dry Goods Co., Ltd.*, 4 B. T. A. 373.

> *Judgment will be entered on 15 days' notice, under Rule 50.*